# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LADONNA K. WATSON[1],
         Appellant,

v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
CH-0752-16-0404-X-1

DATE: August 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Hartley David Alley, Esquire, San Antonio, Texas, for the appellant.

Deborah M. Levine, Esquire, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] On March 29, 2022, the appellant filed in her other appeal pending before the Board notice that she has changed her last name from Droke to Watson. *Watson v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-A-1, Petition for Review File, Tab 9. Pursuant to the Board's regulations, this pleading was also served on the agency. *Id.* at 5; *see* 5 C.F.R. § 1201.26(b)(2). Accordingly, the Board has changed the case captions of the appellant's currently pending appeals to reflect her name change. Any cases previously heard by the Board that are now closed will still reflect the appellant's prior name, LaDonna K. Droke.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1        On December 20, 2018, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in noncompliance with the Board's final order in the underlying appeal. *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-C-1, Compliance File (CF), Tab 38, Compliance Initial Decision (CID), Tab 40[3]; *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-I-3, Appeal File, Tab 13, Initial Decision (ID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2        On October 27, 2017, the administrative judge issued an initial decision mitigating the appellant's removal to a 60-day suspension and ordering the agency to pay her back pay with interest and to adjust her benefits with appropriate credits and deductions. ID at 47-48. The initial decision became the final decision of the Board on December 1, 2017, after neither party petitioned the full Board for review. ID at 50.

¶3        On February 6, 2018, the appellant filed a new MSPB appeal that, as it effectively argued that the agency improperly mitigated her removal by returning her to a position geographically remote from her home of record, was construed and docketed as a petition for enforcement of the Board's October 27, 2017 order. CF, Tab 1; CID at 1-2.

¶4        On December 20, 2018, the administrative judge issued a compliance initial decision finding the agency in noncompliance. CID. Specifically, the administrative judge found that the agency did not justify placing the appellant in

---

[3] In a December 21, 2018 erratum, the administrative judge corrected the compliance initial decision to the extent it incorrectly stated in one place that the petition for enforcement was "DENIED" to correctly read that it was "GRANTED." CF, Tab 40.

a position outside of her commuting area and thus had failed to return her as nearly as possible to the status quo ante. CID at 15-17. In addition, the administrative judge found that the agency failed to show that it provided the appellant the back pay to which she was entitled and failed to provide sufficient detail regarding its interest calculations. CID at 17-19. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to take the following actions: (1) pay the appellant the appropriate amount of back pay, with interest, and adjust benefits with appropriate credits and deductions from the date of her removal (May 13, 2016) through the date she began her detail to the position within her local commuting area in Portageville; (2) provide a full accounting for any back pay with interest the agency asserts it had already paid the appellant; (3) restore any annual leave the appellant utilized between the date of her reinstatement and the date of her detail to the Portageville position; and (4) correct any deficiencies with the appellant's health insurance coverage or benefits that were related to a change in the appellant's duty status occurring between her reinstatement and the date she began her permanent position at the Portageville facility. CID at 19-20.

¶5    Neither party filed any submission with the Office of the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Therefore, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance. *Watson v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-X-1, Compliance Referral File (CRF), Tab 1.

¶6    On March 5, 2019, the agency submitted its response to the compliance initial decision. CRF, Tab 2. In its statement, the agency explained that it had provided the appellant with her back pay related to the original mitigation of her removal, along with a check for interest on that back pay. *Id.* at 4-5. The agency

included with its submission exhibits that contained a narrative summary of the back pay and detailed calculations of the back pay. *Id.* at 48-78.

¶7  On March 25, 2019, the appellant responded that, although the agency had taken steps to comply, it was not yet in full compliance. CRF, Tab 3 at 4-5. Specifically, the appellant stated that the agency had provided full back pay and interest for the period of time from her May 2016 removal through her initial reinstatement in December 2017, but had not yet provided back pay or interest covering the period in which she was assigned to a position outside of her commuting area. *Id.* The appellant also stated that the agency had not, as of the date of filing, restored her annual leave. *Id.* at 5. The appellant finally stated that the deficiencies regarding her health insurance coverage had been rectified. *Id.*

¶8  On March 29, 2019, the agency filed a supplemental response stating that it made the second back pay payment to the appellant and provided detailed calculations of the second payment. CRF, Tab 4 at 4-13.

¶9  On April 1, 2019, the appellant replied to the agency's supplemental response. CRF, Tab 5. The appellant indicated that she had received the second back pay check and that the agency had restored her annual leave, but also stated that she had not yet received the interest owed on the second back pay payment. *Id.* at 3.

¶10  On June 11, 2020, the Board issued an order requesting further information from the agency regarding both interest payments. CRF, Tab 6. The Board noted that the agency failed to provide detailed calculations for either interest payment and also failed to inform the Board as to whether the second interest payment was ever made. *Id.* at 1-2.

¶11  On June 16, 2020, the agency responded to the Board's June 11, 2020 order. CRF, Tab 7. In its response, the agency provided evidence that the second interest payment check was sent to the appellant on April 3, 2019, along with detailed calculations for the second interest payment. *Id.* at 4-8.

¶12     On June 23, 2020, the appellant replied to the agency's June 16, 2020 response, stating that she had received the second interest payment and was satisfied that she was paid the full amount of interest owed for both back payments.  CRF, Tab 8.

## ANALYSIS

¶13     When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred.  *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005).  The agency bears the burden to prove its compliance with a Board order.  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).  The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance."  *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶14     Here, the parties' combined submissions show that the agency has now reached full compliance with all of the outstanding compliance obligations identified in the compliance initial decision.  CID at 19-20.  Specifically, the agency has demonstrated that it made two separate back pay payments to the appellant, and it has provided detailed calculations of both payments.  CRF, Tab 2 at 4-5, 48-78, Tab 4 at 4-13.  The agency has further shown that it sent the appellant two separate interest payments for the two back pay payments.[4]  CRF, Tab 2 at 5, 48-49.  The appellant's submissions indicate that she has received all payments from the agency and is satisfied they are accurate.  CRF, Tab 3 at 4-5,

---

[4] The agency has provided detailed calculations for the second interest payment but did not provide calculations for the first interest payment.  CRF, Tab 7 at 4-8.  Because the appellant has indicated that she is satisfied the first interest payment is accurate, we find the agency compliant with this requirement.  CRF, Tab 8 at 3.

Tab 5 at 3, Tab 8 at 3. The appellant's submissions additionally state that the agency has also corrected all deficiencies with her health insurance coverage and restored her annual leave. CRF, Tab 3 at 5, Tab 5 at 3.

¶15    Accordingly, in light of the agency's evidence of compliance and the appellant's statements of satisfaction with the agency's evidence, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.